**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:07CR362 |
| | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| | ) | **ORDER ON MOTION TO** |
| JERMAINE MCBEE, | ) | **VACATE, SET ASIDE, OR** |
| | ) | **CORRECT SENTENCE UNDER** |
| Defendant-Petitioner. | ) | **28 U.S.C. § 2255** |
| | ) | |

This matter is before the Court upon Petitioner Jermaine McBee's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. #43.) The petition is GRANTED.

## I. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## II. LAW AND ARGUMENT

Mr. McBee argues that his Ohio conviction for abduction no longer qualifies as a predicate offenses to support his armed career criminal designation under 18 U.S.C. § 924(e) (the "ACCA"). This Court agrees.

1

A grand jury indicted Mr. McBee on two counts for (1) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (Count 1), and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Count 2). Mr. McBee pled guilty to the indictment with a written plea agreement. The plea agreement outlined that Mr. McBee would likely qualify as a career offender with a base offense level of 37 as to Count 1, and as an armed career criminal, requiring a mandatory minimum of 15 years on Count 2. Mr. McBee reserved the right to challenge both findings on appeal.

Prior to Mr. McBee's sentencing hearing, the U.S. Probation Office prepared a presentence investigation report ("PSR"). The PSR identified three qualifying predicate offenses for the ACCA: (1) felonious assault; (2) burglary; and (3) abduction. All were Ohio offenses. The government subsequently cited to four qualifying offenses in its sentencing memorandum: (1) attempted felonious assault; (2) felonious assault; (3) burglary; and (4) abduction. These offenses served as predicates at sentencing to qualify Mr. McBee as an armed career criminal, as well as a criminal offender.

The abduction offense initially had been indicted as a kidnapping with two firearm specifications. The kidnapping count charged that Mr. McBee "unlawfully and by force, threat or deception removed [M.L.] from the place where she was found or restrained her of her liberty for the purpose of facilitating the commission of a felony or the flight thereafter and/or terrorizing or inflicting serious physical harm on M.L." (Doc. #46-1, p. 259.) The kidnapping charge was amended to abduction under R.C. 2905.02. The amendment did not specify a subsection under R.C. 2905.02.

During sentencing on August 6, 2008, this Court found that Mr. McBee was both a career offender and an armed career criminal. The Court sentenced him to 262 months

on both counts to run concurrently. Mr. McBee timely appealed the career offender application. The Sixth Circuit denied the appeal.

Mr. McBee filed a motion to vacate, set aside or correct the judgment in June 2014, more than four years after his appeal was denied. In December 2015, he filed a motion for the appointment of counsel to amend his petition to assert claim under *Johnson v. United States*, ___ U.S. ___,135 S.Ct. 2551, 2015 WL 2473450 (June 26, 2015). This Court granted the motion to amend. Mr. McBee filed an amended petition in March 2016 to timely assert a claim under *Johnson*. The government argues, and Mr. McBee appears to concede, that any other claims in Mr. McBee's petition are untimely. Accordingly, those claims are denied. Only Mr. McBee's claim under *Johnson* remains before the Court.

Under *Johnson*, Mr. McBee argues that he no longer possesses the requisite predicate offenses to qualify as an armed career criminal under the ACCA. The ACCA establishes a 15-year mandatory minimum sentence for a criminal defendant charged as a felon in possession of a firearm who had at least 3 prior convictions that are either (1) serious drug offenses or (2) violent felonies. 18 U.S.C. § 924(e). A violent felony had three different possible definitions:

(1)     an offense that "has as an element the use, attempted use, or threatened use of physical force" (the "use-of-force clause");

(2)     generic "burglary, arson, or extortion" (the "enumerated felonies clause"); and

(3)     an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another " (the "residual clause").

18 U.S.C. § 924(e)(2)(B).

The *Johnson* Court held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The new rule of constitutional law announced in *Johnson* is retroactive in all ACCA cases. *See In re Watkins*, 810 F.3d 375, 379-384 (6th Cir. 2015).

The government concedes that Mr. McBee's prior conviction for fourth-degree burglary under R.C. § 2911.12(A)(3) fails under the now invalid residual clause of the ACCA. *United States v. Skipper*, 552 F.3d 489, 492 (6th Cir. 2009). Accordingly, the burglary conviction cannot serve as a predicate violent felony to support the armed career criminal enhancement under the statute. The only question before the Court is, therefore, whether Mr. McBee's prior conviction for abduction is a valid predicate offense under the ACCA.

In Ohio, a person is guilty of abduction if the person knowingly does any of the following:

    (1)    "[b]y force or threat, remove[s] another from the place where the other person is found";

    (2)    "[b]y force or threat, restrain[s] the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear";

    (3)    "[h]old[s] another in a condition of involuntary servitude."

R.C. 2905.02(1)-(3). Mr. McBee pled guilty to the charge of abduction in the indictment. The indictment did not specify a subsection of R.C. 2905.02.

Mr. McBee argues that abduction is not a valid predicate offense under the ACCA based on *United States v. Westerfield*, 284 F. App'x 315, 322-323 (6th Cir. 2008), *rev'd on other grounds*, 55 U.S. 1163 (2009). In *Westerfield*, the appellate court found that the Ohio abduction statute "clearly targets conduct that presents a serious risk of physical

4

injury to another" and abduction therefore qualified as a violent felony under the now invalid residual clause of the ACCA. *Id.* (internal quotations omitted). To be certain, abduction cannot qualify as a violent felony under the residual clause after *Johnson.*

However, the government points out that "whether Ohio's [a]bduction statute, or a specific subsection of the statute, qualifies as a violent felony under the force (element) prong has still not been decided" by the Sixth Circuit. The government argues that, although the indictment does not specify a subsection of R.C. 2905.02, it can be assumed that Mr. McBee was charged under R.C. 2905.02(1) or (2), given the "force [or] threat" language of the original kidnapping charge. Specifically, the government argues:

> The Court may still consider [after *Westerfield*] whether § R.C.
> 2905.02(A)(1),(2), or (3) qualifies as either an enumerated offense or
> requires the use of force post-*Johnson.* Clearly, either subsection (1) or
> (2) [of the Ohio abduction statute], the use of force or threat of force was
> an element. Additionally, in subsection (3) a defendant is required to
> "hold" another in "condition of involuntary servitude," and while those
> terms are not defined in the statute, it certainly implies the use of physical
> force or threat of physical force to do so, which would also qualify under
> the force clause of 924(e)(2)(B)(i). Thus, this Court should find that
> [Mr.] McBee's 2005 Abduction conviction, likely under either subsection
> (1) or (2) of the statute, qualifies as a violent felony because it involved
> the use or threat of force necessary under 18 U.S.C. § 924(e)(2)(B)(i).

(Doc. #46, p. 7.)

Although the Sixth Circuit has not addressed the issue, a court in this district has held that a conviction for abduction is not a violent felony and does not qualify as a predicate for the ACCA enhanced sentence under the use-of-force clause. *United States v. Pruitt,* Case Nos. 1:04CR489, 1:15CV02452, 2017 WL 35905, *2 (N.D. Ohio Jan. 25, 2017) (Gwin, J.) This Court agrees.

In *Pruitt,* the court observed that "[f]or a conviction to fall under the use-of-force prong, the underlying statute must necessarily entail 'the use, attempted use, or

threatened use of physical force against the person of another.'" *Id.* at *3 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). The language of the statute does not need to expressly mirror the language in the use-of-force prong so long as it punishes only the same or a narrower scope of conduct. *Id.*

The court went on to find that the abduction statute at issue is non-divisible, and acknowledged that a non-divisible statute "that punishes a wide array of conduct, some of which involves the use or threatened use of physical force, and some of which would not * * * could not be a predicate felony." *Id.* "'The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as or narrower than'" a statute which employs the language of the use-of-force clause. *Id.* (quoting *Descamps v. U.S*, __ U.S. __, 133 S.Ct. 2276, 2281 *syllabus* (2013)).

Next, the *Pruitt* court examined the nature of "physical force" as that term appears in the use-of-force clause. The Supreme Court has held that "physical force" as used in the ACCA means "'violent force – that is, force capable of causing physical pain or injury to another person.'" *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 134 (2010)). The *Pruitt* court then considered the meaning of the term "physical" and found that it "'plainly refers to force exerted by and through concrete bodies – distinguishing physical force from, for example, intellectual force or emotional force.'" *Id.* (quoting *Johnson*, 599 U.S. at 138).

In its next step, the *Pruitt* court examined the language of R.C. 2905.02(A)(1), under which the defendant/petitioner in that case had been charged. *Id.* "The key question [in *Pruitt* was] whether removing someone from a place 'by force or threat' necessarily implicates the 'use, threatened use, or attempted use of physical force.'" *Id.*

The court found that it did not. "Under Ohio law, 'force' is 'any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.'" *Id.* (quoting R.C. 2901.01(A)(1)). The Ohio code does not define "threat," so the court looked to the definition set forth in the Ohio pattern jury instructions. Ohio's pattern jury instructions define "threat" as "'a (statement)(conduct)(* * * other means of communication), whether direct or indirect, exerting pressure sufficient to (overcome the will of another) (make another fearful or apprehensive of injury or harm).'" *Id*. (quoting 2 OJI-CR505.2). Thus, unlike "force," a "threat" can be constituted by non-physical conduct or communication.

On this basis, the *Pruitt* court concluded that "Ohio's abduction statute would be a crime of violence if it could be accomplished only by 'force.'" *Id.* However, because "removing another from the place where the other person is found" under R.C. 2905.02(1) could also be accomplished by a non-physical "threat" the abduction statute is broader that the ACCA's use-of-force clause. *Id.* Thus, Ohio's abduction statute punishes conduct not proscribed by the ACCA's use-of force clause. Because R.C. 2905.02(1) is broader than the ACCA, it does not qualify as a violent felony and is not a proper predicate for armed career criminal status under the ACCA. *Id.*

Although the Court recognizes that *Pruitt* is not controlling, this Court agrees with the reasoning in *Pruitt* and likewise concludes that abduction under Ohio law does not qualify as a violent felony under the ACCA. In this case, the government argues that Mr. McBee's conviction should fall under R.C. 2905.02(1) or R.C. 2905.02(2), notwithstanding that the indictment to which Mr. McBee pled did not specify a subsection of the abduction statute. Like R.C. 2905.02(1), which was analyzed in *Pruitt*,

R.C. 2905.02(2) can be accomplished by "force" or "threat." As such, this subsection is also broader than the ACCA and cannot serve as a proper predicate for the armed career criminal enhancement.

Additionally, the government acknowledges that subsection (3) of the abduction statute, which requires a defendant to "hold" another in "condition of involuntary servitude," does not define "hold," but "certainly implies the use of physical force or threat." (Doc. #46, p. 7.) Thus, this subsection is also broader than the ACCA and does not qualify as a violent felony.

Because Mr. McBee's abduction conviction under R.C. 2905.02 and his burglary conviction under Ohio law no longer qualify as predicate offenses, Mr. McBee no longer has sufficient predicate offenses to qualify as an armed career criminal under the ACCA. On this basis, the Court GRANTS Mr. McBee's motion for relief.

## III. CONCLUSION

For the reasons stated, Mr. McBee's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. # ) is GRANTED. The sentence is vacated, and the case shall be set for de novo sentencing.

**IT IS SO ORDERED.**

*s/John R. Adams*_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

**DATED**: _5/31/17_