# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:07CR362 |
| | : | |
| Plaintiff-Respondent, | : | |
| | : | JUDGE JOHN R. ADAMS |
| | : | |
| vs. | : | |
| | : | **DEFENDANT'S SENTENCING** |
| JERMAINE MCBEE, | : | **MEMORANDUM** |
| | : | |
| Defendant-Petitioner. | : | |

Defendant Jermaine McBee, through counsel, respectfully submits the instant Sentencing Memorandum for this Court's consideration in determining the appropriate sentence at his June 5, 2019 resentencing hearing. Mr. McBee asks for a sentence "sufficient but not greater than necessary" to achieve the statutory goals of sentencing under Title 18, United States Code §§ 3553(a) and 3661. Support for this Sentencing Memorandum is set forth in the attached memorandum.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ *Claire R. Cahoon*
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
Officer of the Federal Public Defender
617 Adams St., 2nd Floor
Toledo, OH 43604
Phone: (419) 259-7370
Fax: (419) 259-7375
Email: claire_cahoon@fd.org

**MEMORANDUM**

**I.    INTRODUCTION – PROCEDURAL HISTORY**

    **A.    Mr. McBee's Original Sentencing**

This case was initiated by a two-count indictment alleging Jermaine McBee possessed with intent to distribute 181.19 grams of cocaine base (crack), in violation of 18 U.S.C. § 841(a)(1), and possessed a firearm following a felony conviction, a violation of 18 U.S.C. § 922(g)(1) and § 924(e). (Doc.1, Indictment). Mr. McBee entered a plea of guilty to the indictment following a plea agreement. (Doc. 19, Plea Agr.; Doc. 30, Plea Hrg. Tr.). A Presentence Investigation Report ("PSR") was subsequently filed, which included the recommendation that Mr. McBee be found an armed career criminal under 18 U.S.C. § 924(e) based on prior Ohio convictions for felonious assault, attempted felonious assault, burglary, and abduction. (Original PSR, pp. 6-7). It also recommended that Mr. McBee be found to be a career offender under Guideline § 4B1.1. (PSR, p. 7).

This Court found Mr. McBee to qualify as both an armed career criminal and a career offender. (Doc. 29, Sent. Tr., Page ID 142). As a result, the ACCA's statutory mandatory minimum sentence of 180 months of incarceration was triggered. Mr. McBee was sentenced before this Court on August 6, 2008 to 262 months of incarceration. (Doc. 23, Judgment, Page ID 110-111).

    **B.    Post-*Johnson* Litigation**

In June 2015, the United States Supreme Court decided *United States v. Johnson*, __ U.S. __, 135 S. Ct. 2551 (2015), which held imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates due process because the clause is unconstitutionally vague. Mr. McBee subsequently filed a motion to vacate under 28 U.S.C. § 2255 and argued that his prior convictions for burglary and abduction in Ohio no longer qualified as violent felonies

2

after *Johnson*. (Doc. 43, Am. Mtn. to Vacate). The government conceded that post-*Johnson* Mr. McBee's prior conviction for burglary no longer qualified as predicate offense but argued that abduction still qualified. (Doc. 46, Govt. Resp., Page ID 251-56, 370). This Court granted Mr. McBee's motion to vacate and set his case for a de novo resentencing. (Doc. 56, Judgment Entry). Specifically, this Court found that Ohio abduction's elements are more broad than the ACCA's force clause defining a violent felony. (Doc. 56, Order, Page ID 313). As a result, Mr. McBee no longer qualified as an armed career criminal. (Doc. 56, Order, Page ID 313).

### C. Mr. McBee's 2017 Resentencing Hearing

Following this Court's Order, Mr. McBee was scheduled to be resentenced on September 7, 2017 and a revised PSR was ordered. The revised PSR recommended that Mr. McBee still qualified as a career offender under Guideline § 4B1.2 based on his prior Ohio convictions for felonious assault and attempted felonious assault. (62, Revised PSR, Page ID 340). Mr. McBee filed a sentencing memorandum arguing that his prior convictions were not crimes of violence as defined by the Guidelines, and therefore, he did not qualify as a career offender. (Doc. 58, Def. Sent. Memo., Page ID 318-25). The government filed a sentencing memo arguing that the offenses were crimes of violence in light of *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) and its progeny. (Doc. 64, Govt. Sent. Memo., Page ID 360).

At Mr. McBee's resentencing hearing, this Court determined that Mr. McBee still qualified as a career offender in light of *United States v. Collins*, 799 F.3d 554 (6th Cir. 2015), a case which applied *Anderson*'s holding to Ohio's felonious assault statute. (Doc. 72, Sent. Tr., Page ID 400). While the career-offender enhancement placed Mr. McBee in an advisory Guideline sentencing range of 262 to 327 months of incarceration, this Court imposed a downward variance of 245 months of incarceration. (Doc. 69, Am. Judgment). In its Statement of Reasons, this Court

explained that while the Guideline had not changed, "Defendant has made some progress while serving this prison sentence therefore, the Court varied downward. . ." (*See also* Doc. 72, Sent. Tr., Page ID 420-21).

### D. Appeal to the Sixth Circuit

Mr. McBee timely appealed his sentence, arguing that his prior Ohio convictions for felonious assault and attempted felonious assault were not crimes of violence under the Guidelines. During the pendency of that appeal, the Sixth Circuit decided *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc). That case held, "*Anderson* wrongly held that convictions under Ohio's felonious-assault and aggravated-assault statutes categorically qualify as violent-felony predicates." *Id.* at 402. Because the definitional statute for the serious physical harm element of Ohio felonious assault covered purely mental harms in addition to physical ones, the Sixth Circuit held it was overbroad. *Id.* at 401. The decision expressly overruled *Anderson*. *Id.* at 402.

The Sixth Circuit clarified that the felonious assault is divisible and subject to the modified categorical approach. *Id.* at 406. Employing that approach, the *Burris* Court held that Ohio Rev. Code Ann. § 2903.11(A)(1) is too broad. *Id.* However, it also held that § 2903.11(A)(2), which requires not serious physical harm but that the defendant "cause physical harm" by means of a deadly weapon or dangerous ordinance. *Id.*; Ohio Rev. Code Ann. § 2903.11(A)(2).

Following *Burris*, the Sixth Circuit vacated Mr. McBee's sentence and remanded his case "for resentencing in light of our opinion in *Burris*." *United States v. McBee*, 751 Fed. App'x. 892, 893 (2019). The opinion specifically identified that resentencing was required because, "We have overruled *Anderson*." *Id.* This Court subsequently ordered Mr. McBee to be resentenced on June 5, 2019. (Doc. 77, Order).

District courts have great discretion in imposing the lowest sentence that will reflect the

seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from future crimes of Mr. McBee, and provide Mr. McBee with needed educational or vocational training, medical care, or other correctional treatment. *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Booker*, 543 U.S. 220 (2005); 18 U.S.C. §3553(a)(2). The courts must treat the Guidelines as the "starting point and the initial benchmark" when formulating a reasonable sentence, but also conduct a nuanced assessment of each individual case and the appropriateness of the Guidelines sentence in light of the other factors in 18 U.S.C. § 3553(a). *Kimbrough*, 552 U.S. at 101-08. The United States Code provides that a wide range of information must be considered:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C § 3661.

**II.     REVISED ADVISORY SENTENCING GUIDELINES**

Probation did not prepare a revised presentence investigation report in this case. Therefore, the calculations below represent the defense's assessment of Mr. McBee's current advisory sentencing Guideline range with reference to the most recent 2017 PSR. (*See* Doc. 62, Rev. PSR).

**A.     Defense Calculations**

Base Offense Level: 26

Possession of a Dangerous Weapon: +2

Acceptance of Responsibility: -3

Total Offense Level: 25

5

As articulated by Probation in 2017, Mr. McBee's criminal history score is 14, which is the equivalent of a criminal history category VI. (*See* Doc. 62, Rev. PSR, Page ID 343). With a total offense level of 25 and a criminal history category of VI, Mr. McBee's advisory Guideline sentencing range is 110 to 137 months of incarceration. U.S.S.G., Chapter Five, Sentencing Table.

Mr. McBee was arrested on February 12, 2008. (Doc. 62, PSR, Page ID 335). As a result, he has been in custody for slightly less than 136 months. As a result, Mr. McBee has served nearly the entire advisory Guideline range. He, therefore, respectfully asks that this Court impose a sentence of 135 months, allowing for his immediate release from custody.

### B. Mr. McBee is Eligible for a Reduced Sentence Under the First Step Act, and the Government Does Not Oppose a Reduction.

Whether or not Mr. McBee qualifies as a career offender (argued below), he is eligible for discretionary relief under the First Step Act. Undersigned counsel discussed the issue with the United States Attorney's Office prior to resentencing, and that office does not oppose a reduction of Mr. McBee's sentence under the First Step Act. Therefore, Mr. McBee respectfully asks that this Court impose a reduced sentence under the First Step Act.

1. The First Step Act applies.

Under Section 404 of the First Step Act, enacted on December 21, 2018, this Court is authorized to impose a reduced sentence for defendants with crack-cocaine convictions. A defendant is eligible for a discretionary reduction when the penalty provisions of the Fair Sentencing Act of 2010 would have applied to the defendant had that Act been in effect at the time of the original sentencing. Because Mr. McBee was originally sentenced before August 3, 2010 and would have been subject to the Fair Sentencing Act had it been in effect at the time of his original sentencing, he is eligible for relief.

Section 404 of the First Step Act permits courts to impose reduced sentences on any prisoner still serving a sentence for a crack-cocaine offense, if that sentence was imposed when the pre-Fair Sentencing Act penalty structure still applied. The First Step Act establishes its remedy in two steps. First, the Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

*See* First Step Act, Title IV, Sec. 404(a); *see also* Fair Sentencing Act. Mr. McBee's drug offense is a "covered offense" because Section 2 of the Fair Sentencing Act "modified" the "statutory penalties" under § 841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and 846 that involved crack cocaine. Mr. McBee's offense involved crack cocaine and was committed before August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.*, Section 404(b). This provision plainly applies to Mr. McBee because this Court previously "imposed a sentence" on him "for a covered offense." Through this motion, he now moves for a reduced sentence under Section 404(b) of the First Step Act and in accordance with the Fair Sentencing Act's reduced statutory penalties.

The First Step Act provides narrow limitations on its sentencing reduction power. It delineates that a court shall not entertain a motion made under Section 404 of the First Step Act to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance

7

with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.*, Sec. 404(b). Neither of these limitations apply to Mr. McBee, as he is currently serving a sentence of 245 months of incarceration under the pre-Fair Sentencing Act statutory penalty structure for a crack cocaine offense, and this is his first Section 404 motion.

Proving eligibility under the First Step Act is straightforward. A defendant is eligible if he was convicted of a crack cocaine offense, was sentenced when the pre-Fair Sentencing Act statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to the post-Fair Sentencing Act statutory penalties. Because Mr. McBee satisfies all of these requirements, the Court has the authority to impose a reduced sentence for his crack cocaine conviction.

2. <u>Mr. McBee is eligible under the Act for a discretionary sentence reduction</u>.

The only guidance Congress has given regarding the authorized extent of Section 404 relief is that the district court may impose a reduced sentence "as if" the Fair Sentencing Act's reduced crack cocaine penalties "were in effect at the time the covered offense was committed." This broad grant of resentencing authority contains one implied limitation, that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the Fair Sentencing Act – the current statutory penalties.

While Mr. McBee was originally subject to a statutory penalty of 10 years to life imprisonment under former 21 U.S.C. § 841(b)(1)(A), under the Fair Sentencing Act his offense involving 181.99 grams of crack cocaine now subjects him to a statutory penalty of five to forty years of incarceration under 21 U.S.C. § 841(b)(1)(B). Mr. McBee asks that this Court incorporate

his reduced statutory range in crafting an appropriate sentence that is less than the 245 months previously imposed and that falls into the amended range identified above.

Further, Mr. McBee's advisory sentencing range under the Guidelines has been reduced even if this Court determines he is still a career offender. Under Guideline § 4B1.1(b)(2), Mr. McBee's base offense level under the career-offender enhancement would be reduced to a 34 based on the newly reduced statutory maximum for his offense. Including the previously applied three-level reduction for acceptance of responsibility, Mr. McBee's total offense level would be 31. Therefore, his advisory Guideline sentence if he is a career offender for a total offense level of 31 and a criminal history of VI becomes 188 to 235 months of incarceration. Mr. McBee respectfully asks that this Court impose a sentence at the bottom of the Guideline range in either scenario.

### C. Mr. McBee Does Not Qualify as a Career Offender.

Jermaine McBee lacks two prior convictions for either a controlled substance offense or a crime of violence to qualify him as a career offender, as defined by Guideline § 4B1.2. Probation identified Mr. McBee's 1991 felonious assault and 2001 attempted felonious assault convictions as predicate crimes of violence. (Doc. 62, Rev. PSR, Page ID 340). But Mr. McBee's 2001 attempted felonious assault conviction is not a crime of violence and cannot be used to support the career offender enhancement.

Because Ohio's felonious assault statute is divisible, this Court must employ the modified categorical approach in assessing Mr. McBee's eligibility for the career-offender enhancement. *Burris* at 406. The modified categorical approach allows this Court to look at a limited class of documents, including the indictment and sentencing entry, "'to determine which alternative formed the basis of the defendant's prior conviction,' and then compare the elements of the conviction to the elements of the generic predicate crime. . ." *United States v. Eason*, 919 F.3d

9

385, 388 (6th Cir. 2019) (quoting *Taylor v. United States*, 495 U.S. 575 (1990)).

Mr. McBee acknowledges that his 1991 conviction for felonious assault under Ohio Rev. Code Ann. § 2903.11(A)(2) is a crime of violence under *Burris*. However, the *Shephard* documents from Mr. McBee's 2001 conviction do not reflect a conviction for § 2903.11(A)(2), which requires causing physical harm by means of a deadly weapon. While Mr. McBee's indictment shows a charge under § 2903.11(A)(2), his journal entry of sentencing reflects a conviction for third-degree felonious assault with no statute cited. (Exhibit A, Cuyahoga County records, attached). But § 2903.11(D) does not provide for a third-degree felonious assault. The sentencing entry also reflects that the firearm specification was removed, which suggests a different form of felonious assault, such as 2903.11(A)(1), may have been contemplated. Because the state court documents are ambiguous as to what Mr. McBee was actually convicted of, the ambiguity must be construed in his favor. As a result, this Court should hold that his prior 2001 conviction is not a crime of violence.

### III. PERSONAL HISTORY AND CHARACTERISTICS

Jermaine McBee relies on his personal history and characteristics presented to this Court in his 2017 sentencing memorandum with a few additions. (*See* Doc. 58, Sent. Memo.). During the almost two years since Mr. McBee's last resentencing before this Court, undersigned counsel was contacted by Bureau of Prisons' personnel by letter. (Exhibit B, BOP Letter, attached). Lieutenant C. Blackwelder of FCI Edgefield wrote to advise that Mr. McBee assisted staff in November 2018 during an altercation in which another inmate assaulted a staff member. *Id.* Lt. Blackwelder writes, "Inmate McBee assisted staff in attempting to subdue the inmate assailant in order to prevent additional staff from being assaulted." *Id.* He also described that Mr. McBee "was

able to provide assistance to my office to refer this incident to our local FBI and AUSA for prosecution." *Id.*

It is impressive that BOP personnel would take to time to commend an inmate for positive actions taken. It is also evidence of the changes Mr. McBee has made during his more than a decade of incarceration. Just as his did while in custody awaiting resentencing in 2017, Mr. McBee was able to assist staff members at his institution to end a violent confrontation and help to ensure the perpetrator was prosecuted. This positive action reflects a man who is ready to start a new and law abiding life.

**IV.   CONCLUSION**

For the reasons discussed above, Mr. McBee respectfully requests the Court consider the factors highlighted within in support of a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:   0051928

/s/ *Claire R. Cahoon*
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
Officer of the Federal Public Defender
617 Adams St., 2nd Floor
Toledo, OH   43604
Phone: (419) 259-7370
Fax: (419) 259-7375
Email: claire_cahoon@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

>*/s/ Claire R. Cahoon*
>CLAIRE R. CAHOON
>Attorney at Law
>
>Counsel for Defendant